UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Patricia Miroth, et al., | No. 2:22-cv-00460-KJM-JDP |
| Plaintiffs, | ORDER |
| v. | |
| County of Trinity, et al., | |
| Defendants. | |

This matter is before the court on the request of defendants County of Trinity and five social workers employed by the county to seal the juvenile records and transcripts of juvenile court proceedings of two minors, which defendants submit to support their motion to dismiss. *See* Defs.' Req. Seal, ECF No. 33. For the reasons below, the court **grants** the request.

I.   **DISCUSSION**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978) (footnote omitted). Although that right is not absolute, " 'a strong presumption in favor of access' is the starting point." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). This presumption "is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of

accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

Access in civil cases is properly denied for clearly justifiable reasons: to protect against "gratif[ication of] private spite or promot[ion of] public scandal" or to preclude court dockets from becoming "reservoirs of libelous statements . . .." *Nixon*, 435 U.S. at 597 (citations omitted). "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1178 (citing *Foltz*, 331 F.3d at 1136).

Here, defendants request to seal the juvenile records of two minors and the transcripts of juvenile court proceedings involving those two minors. Courts have found that juvenile court records contain sensitive information that outweighs the presumption of public access and may be filed under seal. *See A.C. v. City of Santa Clara*, No. 13- 03276, 2015 WL 4076364, at *2 (N.D. Cal. July 2, 2015) (citing cases). Accordingly, the court finds the defendants have met the "compelling reasons" standard.

## II. CONCLUSION

For the above reasons, defendants' request is **granted** and exhibits A through P in support of the declaration of William J. Bittner in support of defendants' motion to dismiss shall remain sealed unless otherwise ordered.

If any party or other interested person wishes to have the documents or any portion of the documents unsealed, that party or other person shall file an application with the Court and serve all other parties to this action with a copy of such application.

The documents provided to the court by defendants and designated in defendants' Notice and Request to Seal the Documents are hereby ordered to be filed under seal by the Clerk of the Court.

This order resolves ECF No. 33

IT IS SO ORDERED.

DATED: August 30, 2022.

CHIEF UNITED STATES DISTRICT JUDGE