SERENA M. WARNER, SB No. 264799
  Email: swarner@akk-law.com
WILLIAM J. BITTNER, SB No. 292056
  Email: wbittner@akk-law.com
**ANGELO, KILDAY & KILDUFF, LLP**
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA  95825
Telephone:  (916) 564-6100
Telecopier:  (916) 564-6263

Attorneys for Defendants COUNTY OF TRINITY, LIZ HAMILTON, MARIO ANGELONE, NICOLE HAYS BRADFORD, ALLISON BALLARD, MEGAN SHOLTY-SCALZO, ANGELA BERGLUND, and ASHLEY POQUETTE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA MIROTH, STANLEY R. MIROTH,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF TRINITY, et al.<br><br>Defendants. | Case No.: 2:22-cv-00460-KJM-JDP<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

County Defendants filed a motion to dismiss the operative second amended complaint on December 2, 2022. ECF No. 51 (the "Motion".) This Court granted the motion, finding the threshold jurisdictional problem dispositive, but did not address the other defenses raised. ECF No. 68 (the "Order".) The circuit panel majority found this Court did have jurisdiction, deeming the *Rooker-Feldman* doctrine inapplicable, and declined to address the alternative collateral estoppel defense, which it noted as more apt, and remanded. This Court requested supplemental briefing on the pending motion. ECF No. 86.

A.  **INTRODUCTION**

Social workers for the County investigated reports regarding the safety of minors A.M. and S.M., then initiated juvenile dependency proceedings in state court to ensure the minors' well-being. The social workers further participated in those proceedings by obtaining warrants to remove the minors, submitting reports, and testifying at hearings. Through a lengthy series of detailed hearings, the juvenile court evaluated whether services were properly provided to parents, the parents' backgrounds, and the parents' progress towards remedying the causes for removal. Both Mother and Father participated in all hearings, testified, and cross-examined the witnesses. Ultimately, the proceedings culminated in the termination of Plaintiffs' parental rights.

Mother and Father here plead the social workers violated their Fourteenth Amendment rights by withholding or misstating certain facts. As this Court previously found, Mother and Father had a full and fair opportunity to, and indeed did, litigate these issues before the state court. This is not a case where a parent found out after the proceedings that a social worker had forged a material document or hidden the identity of a key witness. Indeed, Plaintiffs specifically disclaimed that their claims are based on any "extrinsic" fraud. Rather, the parents were represented by counsel, knew the "truth" they claim was hidden from the juvenile court at that time, and had every opportunity to address any misstatements, omissions, or other failings by the social workers as they saw fit. They indeed did so, but the juvenile court ruled against them.

As the panel majority opinion hinted, preclusion does bar the operative complaint, because Plaintiffs seek to relitigate the same factual issues that were already presented to, and decided by, the state court.

Alternatively, even if the Court finds the complaint is not barred by issue preclusion, other defenses raised in the Motion still necessitate dismissal, namely: (1) the federal claims against the individuals are barred by absolute immunity as quasi-prosecutorial conduct; (2) the *Monell* claim against the County fails for lack of underlying violation and existence of a custom/policy causing any such violation; and (3) the remaining state claims fail to state a claim or are barred by state statutory immunities. *See* Motion at 19, 22-23, 23-25.

### B.  COLLATERAL ESTOPPEL BARS PLAINTIFFS' CLAIMS

#### 1.  Governing Legal Principles

Pursuant to 28 U.S.C. § 1738 and the Full Faith & Credit Clause of the U.S. Constitution (Article IV, Section 1), federal courts must give the same preclusive effect to a state court judgment as it would receive under the law of the state where the judgment issued. *Migra v. Warren City School Dist. Bd. of Education*, 465 U.S. 75, 81 (1984); *Dodd v. Hood River County*, 136 F.3d 1219, 1224-1225 (9th Cir. 1998).  The full faith and credit requirement includes cases brought under 42 U.S.C. § 1983. *Migra*, 465 U.S. at 82; *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988).  Moreover, the preclusive effect to be enforced by federal courts includes issue preclusion (collateral estoppel). Collateral estoppel is a judicially-favored doctrine and the only general limitation on its use is that the party against whom the prior decision is asserted must then have had a full and fair opportunity to litigate that issue. *Allen v. McCurry*, 449 U.S. 90, 94-95 (1980).

California courts apply collateral estoppel/issue preclusion where: (1) the issue was necessarily decided in a prior proceeding after being actually litigated; (2) the issue decided is identical to the issue sought to be litigated; (3) the prior proceeding resulted in a final decision on the merits; and (4) the party against whom collateral estoppel is asserted was a party, or in privity with a party, to the prior proceeding. *Lucido v. Superior Court*, 51 Cal.3d 335, 341 (1990); *see Murray v. Alaska Airlines, Inc.*, 522 F.3d 920, 923 at fn. 3 (9th Cir. 2008) (citing *Lucido*).

An issue is actually litigated when the parties had the opportunity to present their cases through evidence and witnesses in support of their positions. *Lucido*, *supra*, 51 Cal.3d at 342. Notably, failure to present evidence or otherwise participate at a hearing "does not prove the contrary," when they had the opportunity. *People v. Sims*, 32 Cal. 3d 468, 481 (1982) (overruled

on other grounds).  The "identical issue" requirement addresses whether "identical factual allegations" are at stake in the two proceedings. *Lucido*, 51 Cal. 3d at 342.  For an issue to have been necessarily decided, courts require "only that the issue not have been 'entirely unnecessary' to the judgment in the initial proceeding." *Id.*

Thus, collateral estoppel requires that the party to be estopped had the opportunity to contest the merits, not whether they availed themselves of that chance, or made every possible objection/argument, or submitted all evidence available. *Allen v. McCurry*, 449 U.S. at 94-95 (preclusion applies so long as the party had a full and fair opportunity to litigate the issue); *Lucido*, *supra*, 51 Cal.3d at 341 n. 2 ("the important question, at least for threshold purposes, is whether the People had the opportunity to present their entire case at the revocation hearing, not whether they availed themselves of the opportunity"); *Sims*, *supra*, 32 Cal.3d at 481 ("[t]he failure of a litigant to introduce relevant available evidence on an issue does not necessarily defeat a plea of collateral estoppel").

### 2. Issue Preclusion Bars All Claims.

The allegations on the face of the second amended complaint (ECF No. 50, the "SAC") support collateral estoppel against plaintiffs, and the record only serves to confirm this.  First, the SAC expressly challenges the propriety of the children's removals, detentions, and lack of reunifications with Plaintiffs.  Second, the SAC admits Plaintiffs had opportunities, whether pursued or not, to contest removal and detention, and to obtain reunification.  Finally, the SAC asserts the dependency proceedings finally decided the propriety of the children's removals, detentions, and ultimate placements into adoption.  The state court record confirms these issues were at the heart of the juvenile proceedings, that Mother and Father did in fact availed themselves of the opportunity to contest the issues, and that those decisions were final.  Therefore, preclusion bars all claims in the SAC.

#### a. The Issues in the SAC Were Already Litigated in State Court.

Here, Plaintiffs allege the social worker defendants violated their Fourteenth Amendment rights by causing their children to be improperly removed (claims one and two) and detained (claim three).  Plaintiff alleges liability against the County (claim four), based on policies and/or

-4-
DEFENDANTS' SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

unofficial customs causing the social workers' allegedly illegal actions. Plaintiffs also allege fraud and claim that it resulted in the removal, detention, and denial of reunification (claim eight). Finally, Plaintiffs claim intentional infliction of emotional distress (claim nine) and negligent infliction of emotional distress (claim ten), based on these same allegedly illegal acts. Those acts can be summarized as: 1) falsely stating in the protective custody warrants and during the state court proceedings that defendants provided services, when in fact they did not provide services or other assistance, and did not develop a safety plan for the family or consider alternatives to removal; 2) misrepresenting the termination of Ms. Miroth's parental rights as to her five prior children by not informing the court the children were removed over fourteen years ago; 3) falsely stating Ms. Miroth used drugs; 4) withholding exculpatory evidence; and 5) lying to the court by representing plaintiffs did not understand the nature of their acts, did not learn from past mistakes and did not make progress towards remedying the causes that led to the removal of A.M. and S.M., when in fact, there was evidence plaintiffs were making progress. Order at 3:17-27 (summarizing the allegations in the SAC.) Thus, the ultimate issues underlying all of Plaintiff's claims in this case are: whether the social workers improperly caused the removal and detention of the minors. Inherent in those decisions were the factual issues of (a) whether services were properly provided and/or (b) whether any omissions or misrepresentations to the state court were made regarding material evidence.

These issues are identical to those decided by the state court throughout the juvenile court proceedings. The state court decided removal, detention, and denial of reunification were proper. *See* Motion at 20-21 (summarizing the juvenile court decisions regarding removal, detention, and denial of reunification.) Moreover, whether services were properly provided and whether misrepresentations/omissions occurred were raised and addressed in the proceedings. (*Id*.) This Court's factual citations to the state court record confirm Defendants' position:

> "The state court heard evidence regarding the defendants' alleged misrepresentations, including evidence on whether plaintiffs receive services from social workers . . . For example, Ms. Miroth testified during the dispositional hearing that she was not referred to services by social workers. [citations.] Mr. Miroth also testified he was not offered any services. [citations.] Additionally, in closing, Ms. Miroth's counsel emphasized social workers did not provide plaintiff with services. [citations.] Second, counsel for plaintiffs

also addressed the fact the removal of their other children was over fourteen years ago. [citations.] Third, the issue of Ms. Miroth's alleged drug use was also raised. [citations.] (noting "it was found true" Ms. Miroth had substance abuse during state court proceedings as to A.M. and S.M.'s sister). Ms. Miroth also testified she used methamphetamine when she was younger. [citation.] And finally, the state court heard evidence of plaintiffs making progress towards remedying the causes that led to here removal of their children. For example, the court heard evidence Ms. Miroth attended parenting classes and domestic violence meetings. [citation.] The court also heard testimony from Ms. Miroth's therapist describing her counseling sessions and opining Ms. Miroth's parental rights should not be terminated. [citation.] In light of all the evidence before it, the state court concluded the continued detention of the children was necessary. [citation.] . . . Here, all of the alleged fraud, misrepresentation and omissions -- regarding the provision of services, drug use, counseling, removal of children over fourteen years ago, progress made by plaintiffs – were matters brought to the state court's attention . . . or were matters within plaintiff's knowledge."

*Id*. at 8:2-22, 9:2-7.

Importantly, regardless of the quality of representation, plaintiffs attended and/or were represented by counsel at all material proceedings. "While they are dissatisfied with their attorney's representations, they do not deny they were represented by counsel." Order at 9:6-7. "Thus they had the opportunity to present their claims during the state court proceedings and challenge or refute defendant's alleged misrepresentations." *Id*. at 9:7-9 (citing *Green v. Ancora-Citronelle Corp.,* 577 F.2d 1380, 1384 (9th Cir. 1978).) "Even if plaintiffs were to claim they did not have the opportunity to do so, it was not defendants who prevented plaintiffs from challenging defendants' alleged misrepresentations. Rather, it would have been plaintiffs themselves, through their own actions, or their attorneys." *Id*. at 9:12-15.

Plaintiffs may argue that the issues in the state court proceedings are not the same as those at issue in the SAC. (See ECF No. 55 at 4.) Plaintiffs confuse claim preclusion with factual issue preclusion. While plaintiffs may not have expressly alleged a claim that social workers omitted information or actively deceived the court during the juvenile proceedings, (*id*.), they advanced those claims by contesting the underlying factual issues regarding: (a) whether services were properly provided and (b) whether all material information was accurately relayed to the court. The claim that social workers did not provide necessary services was squarely addressed by the state court. See e.g. Order at 8 (Mother and Father both testified regarding a lack of services.)

The claim social workers misrepresented and/or omitted facts was also made, if not explicitly, when Mother and Father contested the hearings and testified to a different set of facts. What social workers "did, or did not do", (ECF No. 55 at 4), that may have been material to their children's removal and continued detention, was clearly at issue and fully litigated. Plaintiffs had the opportunity to raise any material evidence regarding omissions, perjury, failure to follow the law, or failure to follow policies, and either did so or waived the opportunity.

### b.    The Plaintiffs Were Party to a Final Decision on the Merits.

It does not appear Plaintiffs contest (1) a final decision was reached on the merits in the state court proceeding, and (2) Mother and Father were parties to that proceeding. *See generally* ECF Nos. 53 and 55 at 4-5. If contested, Defendants refer to their arguments on these topics raised in the Motion. *See* Motion at 21-22.

### C.    LEAVE TO AMEND WAS PROPERLY DENIED.

Amendment would be futile, because Plaintiffs' claims are barred by preclusion, which cannot be cured. Plaintiffs have already amended twice, and cannot identify any alleged fraud that was not addressed by the state court proceedings. Additionally, even if not barred by preclusion, the SAC fails to state a claim as previously argued in the Motion. Thus, County Defendants respectfully renew their request that the Court dismiss Plaintiff's Second Amended Complaint without leave to amend.

Dated: August 11, 2025                                  ANGELO, KILDAY & KILDUFF, LLP

                                                        */s/ William J. Bittner*
                                                        By:_____
                                                        SERENA M. WARNER
                                                        WILLIAM J. BITTNER
                                                        Attorneys for Defendants COUNTY OF
                                                        TRINITY, LIZ HAMILTON, MARIO
                                                        ANGELONE, NICOLE HAYS
                                                        BRADFORD, ALLISON BALLARD,
                                                        MEGAN SHOLTY-SCALZO, ANGELA
                                                        BERGLUND, and ASHLEY
                                                        POQUETTE